819 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lloyd Steven LANE, Plaintiff-Appellant,
v.
James KEETER; Melvin C. Creecy; Danny Thompson; Ernest
Smith; E.D. Beshears; Frank Evans; J. Cook; C.L. Summer;
R. Parker; Gene Cousins; Henry Crumpler; Herbert
Williams; John Patseavouras, Defendant-Appellee.
 No. 86-7741.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 6, 1987.
Decided May 27, 1987.
 
 Before HALL, PHILLIPS and CHAPMAN, Circuit Judges.
 Lloyd Steven Lane, appellant pro se.
 PER CURIAM:
 
 
 1
 Lloyd Lane, a North Carolina inmate, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. Lane alleged that various prison officials violated his due process rights when they placed him in administrative segregation, found him guilty of participating in a work stoppage, and changed his custody to maximum security segregation. The district court determined that Lane's claims were frivolous and malicious and dismissed them pursuant to 28 U.S.C. Sec. 1915(d). We agree with the court's determination, and the district court shall be affirmed.
 
 
 2
 We note that the due process clause does not create an interest in being confined to a general population cell. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Thus, for Lane to state a constitutional violation, he must demonstrate that the North Carolina Administrative Code created a protected liberty interest in being free from administrative lock-up and in being free from maximum security segregation. See 5 N.C.Admin. Code 2C.0300-02, .0400-05 (1984). We reserve judgment on whether either of these regulations creates a liberty interest because we find that the process afforded Lane satisfied the minimum requirements of the due process clause. See 459 U.S. at 472, 476-77 (due process requires receipt of notice of charges and opportunity to present a statement to the committee).
 
 
 3
 At every point in the proceedings Lane had notice and an opportunity to present evidence. According to Lane, within forty-eight hours of being placed in administrative segregation, he received a formal charge and an opportunity to make a statement. At his disciplinary hearing he "presented a vast amount" of evidence, including a witness.
 
 
 4
 Based on the disciplinary committee's determination of guilt, the institutional classification committee met to decide if Lane's classification should be changed. At this hearing Lane again states that he presented his evidence. At the close of this meeting Lane was recommended for long-term administrative segregation.
 
 
 5
 Lane next met with the directors' classification committee to decide if the institutional classification committee's recommendation should be accepted. Lane states that after meeting with them, they stated they had insufficient information for an immediate decision. Then the reviewing authority of the directors' classification committee accepted the institutional classification committee's recommendation. Lane was given notice and an opportunity to be heard throughout these proceedings. He was afforded the minimum requirements of due process.
 
 
 6
 In addition, Lane states that there was no evidence against him, and he challenges the committees' refusals to disclose their evidence to him. Lane, however, admits that a prison official wrote a statement against him which formed the basis for the determination of his guilt. Lane admits also that this statement was read to him at the disciplinary hearing. Lane's claim challenging the sufficiency of the evidence is similarly meritless. A disciplinary board decision passes scrutiny under the due process clause if there is some evidence in the record to support the conclusions. See Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, --- U.S. ----, 53 U.S.L.W. 4778 (June 17, 1985).
 
 
 7
 Finally, Lane complains that anonymous inmates provided evidence against him and that the lack of full disclosure of this evidence abridged his rights. Even when due process rights in disciplinary hearings are triggered, however, a prisoner's rights to cross, confront, and to have full access to all witnesses against him is left to the discretion of prison officials. See Langton v. Berman, 667 F.2d 231, 234-35 (1st Cir.1981). Lane has raised no viable constitutional violation in his complaint. Therefore the district court shall be affirmed. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment below.
 
 
 8
 AFFIRMED.